# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GAYNELL WILSON,                    }<br>                                                   }<br>     Plaintiff,                          }<br>                                                   }<br>v.                                              }     Case No.: 2:07-CV-0944-RDP<br>                                                   }<br>MICHAEL J. ASTRUE, Commissioner of  }<br>Social Security,                       }<br>                                                   }<br>     Defendant.                        } | |

## MEMORANDUM OF DECISION

Gaynell Wilson ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Income ("SSI") benefits and Social Security Disability Insurance benefits ("SSDI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and proper legal standards were applied.

**I.     Proceedings Below**

Plaintiff filed applications for a period of disability benefits and SSI benefits on July 26, 2004, alleging a disability onset date of July 26, 2004.[1] (Tr. 12, 27, 46, 92, 274, 296). Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). (Tr. 40, 287-320).

---

[1]Plaintiff originally filed an application for disability and SSI benefits on July 7, 2003 alleging a disability onset date of May 1, 2001. (Tr. 42-44, 81). Plaintiff's application was denied initially on December 22, 2003. (Tr. 24-39, 269-76). The issues associated with that prior filing are not before this court.

ALJ Jay E. Levine heard Plaintiff's case on Wednesday, December 6, 2005, in Birmingham, Alabama. (Tr. 287-320). In his decision dated September 15, 2006, the ALJ determined that Plaintiff was not eligible for social security benefits at any time through the date of his decision. (Tr. 12-15). The ALJ found that Plaintiff failed to meet the disability requirements of the Act and retained the residual functional capacity to perform a narrow range of light work which includes her past relevant work. (Tr. 12-15). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 22, 2007 (Tr. 4-6), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's review.

At the time of the hearing in question, Plaintiff was forty-seven years old and had received a limited 10th grade education. (Tr. 13). Plaintiff previously worked in secretarial and office clerk type jobs. (Tr. 13). Plaintiff alleges that she has been unable to engage in substantial gainful activity since July 26, 2004, when she became unable to work due to diabetes, migraine headaches, acid reflux disease, and depression. (Tr. 12, 293-94). Plaintiff is insured for disability insurance benefits through December 31, 2008. (Tr. 27). Plaintiff received treatment for GERD, diabetes, occipital headaches, epigastric pain, stomach pain, and hypertension between July 18, 2001 and November 11, 2005. (Tr. 146-48, 234-62).

Plaintiff's treatment notes indicate her diabetes is fairly controlled with medication. (Tr. 174, 176-78, 180, 186). During those occasional times when Plaintiff's diabetes were reported to be out of control, she was without her medication. (Tr. 172-73). The ALJ further noted there is no documentation of diabetic retinopathy, neuropathy, or end-organ damage. (Tr. 13, 14).

Tests for Plaintiff's stomach and esophagus problems have resulted in normal readings. (Tr. 208). Additionally, an esophagogastroduodenoscopy and biopsy performed on Plaintiff in January

2002 showed a normal esophagus, mild erythematous in the gastric mucosa without discrete ulceration, moderated chronic gastritis, and were negative for intestinal metaplasia of the gastric glands or helicobacteria pylori organisms. (Tr. 194, 200, 204). An upper GI study performed later in December 2003 revealed Plaintiff had a normal esophagus, stomach, and duodenum. (Tr. 244). In July 2005, a repeat esophagogastroduodenoscopy was also normal. (Tr. 260). A gastric biopsy done at the same time did not reveal any helicobateria pyloris and only mild inactive chronic gastritis. (Tr. 262). After Plaintiff was treated for GERD and pylorospasm in 2002, Dr. Walter Mauney, Plaintiff's treating physician, observed that Plaintiff's symptoms were under control. (Tr. 177-79). In March 2005, due to Plaintiff's complaints of upper abdominal pain and swelling, a Colon Barium Enema was conducted which revealed "very small few diverticula were seen" with no abnormalities. (Tr. 237, 240). An ultrasound of her upper right quadrant on July 14, 2005 was also normal. (Tr. 239).

Plaintiff also received treatment for occipital headaches in July and August 2003. (Tr. 168-69). However, an August 6, 2003, a CT scan of Plaintiff's head showed normal results. (Tr. 206). Regarding Plaintiff's heart problems, the record indicates that a masters graded exercise test, conducted on March 25, 2005, was clinically positive and electrically negative and stress testing was normal. (Tr. 241-42, 313). A follow-up EKG on November 22, 2005 showed possible myocardial ischemia. (Tr. 246). Nevertheless, there is no evidence in the record to suggest that Plaintiff had limitations beyond those found by the ALJ as a result of her condition.

The ALJ found the consultative examination conducted by Dr. Nicole Pappas on November 5, 2004 undermines the opinion of Plaintiff's treating physician, Dr. Mauney. (Tr. 13, 216-19). During the examination conducted by Dr. Pappas, Plaintiff only complained of leg and arm pain.

(Tr. 13, 216). Plaintiff's physical examination was unremarkable. (Tr. 216-19). Dr. Pappas found Plaintiff to have no exertional or non-exertional functional limitations, except for lifting and carrying more than 40 pounds occasionally and 20 pounds frequently. (Tr. 13, 219).

A clinical psychologist, Dr. Nicole J. Siegfried, conducted a consultative evaluation of Plaintiff for her depression on November 4, 2003. (Tr. 147-49). Plaintiff was diagnosed with major depressive disorder as well as pain disorder with both physical and psychological influences. (Tr. 147). Dr. Siegfried recommended psychotherapy and medication to manage Plaintiff's symptoms. (Tr. 147). Dr. Siegfried concluded that Plaintiff was not psychiatrically disabled. (Tr. 148). Also, a state agency psychologist reviewed Dr. Siegfried's records and opined that Plaintiff had no more than mild to moderate limitations in any area of mental functioning. (Tr. 159, 161). Further, he opined that Plaintiff: (1) was capable of mentally performing unskilled low stress work; (2) would be able to understand and carry out short simple instructions while maintaining attention and concentration; and (3) would be able to complete a normal work day with scheduled breaks. (Tr. 162-66).

On October 14, 2004, Dr. Gloria G. Henderson, a clinical psychologist, conducted a consultative evaluation of Plaintiff and assessed an adjustment disorder with depressed mood. (Tr. 210-15). Dr. Henderson opined that Plaintiff had adequate skills and demonstrated no psychiatric impairments in any area that would prevent her from performing productively in a work environment. (Tr. 213). Specifically, she noted that Plaintiff was capable of understanding and carrying out instructions and simple tasks. (Tr. 213). On November 22, 2004, after reviewing Dr. Henderson's notes, the ALJ state agency psychologist opined that Plaintiff has no severe mental

impairment. (Tr. 13, 220). In light of this finding, the ALJ found Plaintiff had "severe" depression. (Tr. 13).

Plaintiff's own testimony regarding her daily activities raised further questions about Dr. Mauney's opinion. (Tr. 13). Plaintiff reported that she continued to engage in cleaning her house, running errands, cooking, shopping, and using public transportation. (Tr. 13, 118-19). The ALJ also noted that Plaintiff worked temporary jobs occasionally. (Tr. 13-14, 293-95). Based upon this evidence, the ALJ rejected Dr. Mauney's opinion.

## II.     ALJ Decision

Determination of disability under the Act requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq*. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether claimant's impairment meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. The claimant's residual functional capacity is what the claimant can do despite her impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making this final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that [s]he can no longer perform h[er] former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that she can no longer perform her past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

The ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of disability, July 26, 2004. (Tr. 12). Plaintiff met the disability insured status requirements of Title II of the Act. (Tr. 12-14). Based on the medical evidence presented, the ALJ concluded that Plaintiff does have a "severe" combination of impairments—diabetes mellitus and depression; however, these impairments considered either alone or in combination fail to meet or equal the listing level severity of impairments in the Act. (Tr. 15). The ALJ also found Plaintiff's subjective complaints regarding her ability to work are inconsistent with the medical evidence in the record and Plaintiff's own statements. (Tr. 13-15). The ALJ determined that Plaintiff retains the residual functional capacity for a narrow range of light work which includes the ability to perform her past relevant work. (Tr. 15). Therefore, the ALJ concluded Plaintiff does not have a severe impairment as defined by the Act. (Tr. 12-15). Overall, the ALJ found: (1) Plaintiff's condition stable, both mentally and physically; (2) Plaintiff is not disabled as the Act defines that term; and (3) therefore, is not entitled to a period of benefits. (Tr. 15).

The ALJ called a vocational expert to testify who was present throughout the hearing and familiar with Plaintiff's background. (Tr. 14, 313-19). The vocational expert testified that the residual functional capacity assessment given to Plaintiff would allow her to perform her past

relevant work. (Tr. 14). Further, he testified that Plaintiff would be able to work as a data entry clerk, secretary and/or assistant manager. (Tr. 14). Based on the vocational expert's testimony, the ALJ found that Plaintiff's past relevant work was well within her current residual functional capacity. (Tr. 14, 314-15).

### III.     Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, vacated and reversed, or in the alternative, remanded for further consideration. (Doc. #9, at 8). Plaintiff asserts that there are two reasons why this court should grant the relief sought: (1) the ALJ failed to address all of Plaintiff's impairments in her severe impairment and residual functional capacity findings; and (2) the ALJ improperly rejected the opinion of a treating physician. (Doc. #9, at 5-6).

### IV.     Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**V.      Discussion**

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for remand and/or reversal. For the reasons outlined below, the court finds that the ALJ relied on substantial evidence and the proper legal standards were applied.

      **A.**      **The ALJ Properly Addressed All of Plaintiff's Impairments in Making His Severe Impairments and Residual Functional Capacity Findings.**

Plaintiff's first argument is that the ALJ failed to consider all of her severe impairments. (Doc. #9, at 5). Specifically, Plaintiff claims that the ALJ should have included in his assessment hypertension, GERD, migraine headaches, and heart problems. (Doc. #9, at 5). The ALJ found Plaintiff's severe impairments to be diabetes mellitus and depression in step two of the sequential evaluation process. (Tr. 15, Finding No. 3). Plaintiff contends that "the ALJ failed to either adequately or correctly identify and address all of Plaintiff's conditions." (Doc. #9, at 6). Plaintiff further contends that the ALJ did not consider them in combination as required. (20 C.F.R. § 404.1523).

The relevant Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the Law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523; *see Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990).  When a combination of impairments exists, a claimant may be found disabled even though none of the individual impairments by itself would be disabling. *See Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986).

The ALJ's opinion in this case clearly sets out the medical evidence regarding all of Plaintiff's alleged impairments (Tr. 13-15); indeed, the ALJ specifically noted that he considered Plaintiff's impairments both singularly and in combination. (Tr. 13).  The ALJ noted that although Dr. Pappas diagnosed Plaintiff with Type II diabetes, hypertension, migraine headaches, gastroesophageal reflux disease, depression and anxiety, she found Plaintiff to have no exertional or non-exertional functional limitations with the exception of lifting or carrying up to 40 pounds occasionally and 20 pounds frequently.  (Tr. 13).  Thus, the court concludes that the ALJ properly considered all of Plaintiff's impairments in combination when he determined that Plaintiff was not eligible for benefits and that finding is supported by substantial evidence.

**B.     The ALJ Properly Considered the Opinion of Plaintiff's Treating Physician.**

Plaintiff also contends that the ALJ failed to give proper weight to Dr. Mauney's opinion. (Doc. #9, at 7). Dr. Mauney is Plaintiff's treating physician at Cooper Green Hospital in Birmingham, Alabama. (Doc. #9, at 7; Tr. 234-62). Plaintiff argues that Dr. Mauney's records support his opinion and that his opinion is supported by the remaining medical evidence of record. (Doc. #9, at 6-8). A treating physician's opinion should be given significant weight, but only if it is well-supported by clinical and laboratory findings, is not internally inconsistent, and is consistent with the other evidence. *See* 20 C.F.R. §§ 404.1527(a), (b), (c)(2), (d)(3)-(4); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (other citations omitted); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).[2]

The ALJ's decision to discount Dr. Mauney's opinion is supported by substantial evidence. First, Dr. Mauney's conclusions were inconsistent with the totality of the medical evidence of record, as well as Plaintiff's own testimony regarding her activities of daily living. (Tr. 14). Thus, Dr. Mauney's conclusions were not deserving of controlling weight according to the Commissioner's regulations. 20 C.F.R. § 416.927(d)(2). If an opinion is not due controlling weight, factors to be considered in determining the weight to be given include length of treatment relationship and frequency of examination, nature and extent of treatment relationship, supportability of the opinion, consistency with the record, and specialization. *See* 20 C.F.R. § 416.927(d)(2)-(6).

---

[2]The opinion of a treating physician may also be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. *See id.*; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155 at 1159-60; *Phillips v. Barnhart*, 357 F.3d 1232 at 1240-41.

In this case, Dr. Mauney's conclusions are unsubstantiated by any specific clinical, objective, or medical findings. (Tr. 14). Furthermore, there is no evidence to suggest that Dr. Mauney's opinion was due any weight by the ALJ because he did not indicate the diagnoses upon which he based his limitations. (Tr. 14, 264-68). The ALJ properly discounted Dr. Mauney's opinion due to its inconsistency with the totality of the medical evidence of record, as well as Plaintiff's own testimony. (Tr. 14).

**VI.   Conclusion**

For the reasons stated above, the court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this ____7th____ day of August, 2008.

                                **R. DAVID PROCTOR**
                                UNITED STATES DISTRICT JUDGE